LUPE MARTINEZ, Esq. (CBN 49620)
Attorney at Law
601 Snyder Avenue
Aromas, California 95004
Telephone: (408) 857-5418
FAX: (408) 784-3169
martinez-luna@sbcglobal.net

Attorney for Defendant
Raul Jimenez Verduzco

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>RAUL JIMENEZ VERDUZCO<br><br>Defendant.<br>_____ | No. CR 21-00439-BLF<br><br>DEFENDANT'S SENTENCING MEMORANDUM AND MOTION FOR DOWNWARD AND STATUTORY VARIANCE<br><br>Date: January 31, 2023<br><br>Time: 9:00 a.m.<br><br>Honorable Beth Labson Freeman<br>United States District Judge |

**I. INTRODUCTION**

Defendant Raul Jimenez Verduzco comes before the court for sentencing following his guilty plea on November 1, 2022 to Count 1 of the indictment Conspiracy to Distribute and possess with intent to distribute 500 grams or more of a mixture and substance containing methamphetamine in violation of 21 U.S.C. 846, 841(a)(1) and (b)(1)(A). 21 U.S.C. 841(a)(1) and (b)(1)(A)(viii).

Mr. Jimenez Verduzco does not object to the guideline calculations as computed by the

Defendant Raul Jimenez Verduzco's Sentencing
Memorandum and Motion For a Variance
from the Sentencing Guideline Range

1

Probation Officer. The advisory guideline range is a total offense level of 33 and a guideline range of 135-168 months. Under the terms of the plea agreement the government recommends the low end of the guideline range and it was agreed that Mr. Jimenez Verduzco would not seek a guideline departure but could seek a statutory variance pursuant to 18 U.S.C. 3553(a). The government reserved the right to oppose a statutory variance. In her report, the Probation Officer recommends a sentence of 92 months which is the average sentence based on statistics by Judiciary Sentencing Information.

While the Probation Officer's variance recommendation is appropriate, it is respectfully submitted that under the "parsimony clause" of § 3553(a) a sentence of 60 months is reasonable and sufficient, but not greater than necessary, to comply with the statutory purposes set forth in Section 3553(a)(2)

As indicated in Paragraph 20 of the PSR, Mr. Jimenez Verduzco successfully completed a Safety Valve debriefing pursuant to USSG 5C1.2. It should be noted, however, that Mr. Jimenez Verduzco's decision to participate in a Safety Valve debriefing was a very difficult decision because, based upon his family history, he feared that if he met with government representatives, he would be accused of being an informant and he or his family harmed.

The mitigating factors presented in this sentencing memorandum and attached *Exhibit A* support of Mr. Jimenez Verduzco's motion for a variance pursuant to 18 U.S.C. 3553(a) from the guideline range calculated by the Probation Officer. *Exhibit A* is U.S. Probation Intake Form 1 submitted to the United States Probation Officer. The Form provides detailed information concerning Mr. Jimenez-Verduzco's background and upbringing and his

Defendant Raul Jimenez Verduzco's Sentencing
Memorandum and Motion For a Variance
from the Sentencing Guideline Range

2

statements to the Probation Officer.[1]

## II.  APPLICABLE LAW

**A.  STATUTES**

After *United States v. Booker*, 543 U.S. 220;125 S. Ct. 738, 756 (2005) the sentencing guidelines are advisory. Federal sentencing is now governed by 18 U.S.C. 3553(a) requiring district courts to consider offense and offender characteristics and imposing a sentence that is reasonable, ie.

**Section 3553(a).**  Sentencing courts are to impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in Section 3553(a)(2):

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B) to afford adequate deterrence to criminal conduct;

( C) to protect the public from further crimes of the defendant; and

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

In determining the minimally sufficient sentence, Section 3553(a) further directs sentencing courts to consider the following factors:

1) the nature and circumstances of the offense and the history and characteristics of the defendant (3553(a)(1);

2) the kinds of sentences available (3553(a)(3);

3) the kinds of sentence and the sentencing range established for the applicable category of offense committed by the applicable category of defendant as set forth

---

[1] The PSR accurately outlines Mr. Jimenez Verduzco's involvement in the offense conduct and he has no objections to the report.  It is requested, however, that the Court consider details of Mr. Jimenez Verduzco's life and his verbatim statements to the Probation Officer about his life, employment and why he became involved in the offense conduct.

Defendant Raul Jimenez Verduzco's Sentencing
Memorandum and Motion For a Variance
from the Sentencing Guideline Range

3

in the guidelines (3553(a)(4(A);

4)     the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct (3553(a)(6)

5)     the need to provide restitution to any victims of the offense.(3553(a)(7).

Other statutory sections also give the district court direction in sentencing.

**18 U.S.C. Section 3582.** Imposition of a term of imprisonment is subject to the limitation: In determining whether and to what extent imprisonment is appropriate based on the Section 3553(a) factors, the judge is required to "recogniz[e] that imprisonment is not an appropriate means of promoting correction and rehabilitation." (emphasis added).

**18 U.S.C. Section 3661**. *No limitation* shall be placed on the information concerning the background, character, and conduct of [the defendant] which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence."(emphasis added). *United States v. Christensen*, 732 F.3d 1094, 1104 (9th Cir. 2013); *also Pepper v. United States,* ––– U.S. ––––, 131 S. Ct, 1229, 1240 (2011) (sentencing courts are permitted the widest possible breadth of information about a defendant 'ensures that the punishment will suit not merely the offense but the individual defendant.' ") (quoting *Wasman v. United States*, 468, U.S. 559, 564, 104 S. Ct. 3217 (1984).

**B.    CASE LAW**

*Booker* and its progeny requires district courts to consider the applicable guidelines ranges, but require district courts to tailor a sentence in light of the statutory mandate of the Section 3553(a) sentencing factors. *Booker*, 125 S. Ct. at 757.

The guidelines are just one of a number of sentencing factors enumerated in 18 U.S.C. 3553(a). *United States v. Ressam*, 679 F.3d 1069 (9th Cir. 2012) (en banc); *Kimbrough v. United States*, 552 U.S. 85, 128 S.Ct. 558 (2007); *United States v. Carty*, 520 F.3d 98 (2008), (en banc), *cert. denied* sub nom. *Zavala v. United States*, ____U.S. ____, 128 S. Ct. 2491.

Defendant Raul Jimenez Verduzco's Sentencing
Memorandum and Motion For a Variance
from the Sentencing Guideline Range

4

The district court may not presume that the guidelines range is reasonable. *Rita v. United States,* 551 U.S. 33, 127 S.Ct. 2456 (2007) (citing *Booker,* 543 U.S. at 259-60, 125. S. Ct 738; *Gall v. United States,* 128 S.Ct. 586, 596-97 (2007). Nor should the guidelines factor be given more or less weight than any other. Again, are one factor among the Section 3553(a) factors to be taken into account in arriving at a reasonable sentence. *Kimbrough,* 128 S.Ct. at 570; *Gall,* 128 S.Ct. at 594, 596-97, 602.

After *United States v. Booker*, 125 S. Ct. 738, 756 (2005), factors that were previously not considered "ordinarily relevant" under the, now advisory, sentencing guidelines are to be considered. The statutory language of Section 3553(a) overrides the advisory policy statements in Part H of the sentencing guidelines that list various factors as "not ordinarily relevant" to sentencing such as the defendant's age, family ties and responsibilities, educational and vocational skills, mental and emotional conditions, or alcohol dependence, and lack of guidance as a youth. See: U.S.S.G. Section 5H1.

In *U.S. v. Menyweather*, 447 F.3d 625, 631 (9th Cir. 2006) the Ninth Circuit held that the district court did not abuse its discretion by departing downward for diminished capacity under U.S.S.G. § 5K2.13 or by departing downward for family circumstances under U.S.S.G. § 5H1.6. Alternatively, even if the district court abused its discretion by departing downward under the Guidelines, any error was rendered harmless by the court's expanded authority to consider circumstances related to the sentencing factors in enumerated 18 U.S.C. Section 3553(a).

The Supreme Court has expressly rejected a rule that requires extraordinary circumstances to justify a sentence outside the guidelines range. *Gall v. United States*, 128 S. Ct. 586, 595 (2007)*;United States v. Rodriguez, Rodriguez*, 530 F.3d 831, 388 (5th Cir. 2008). Since *Gall*, the Ninth Circuit has repeatedly acknowledged that "extraordinary circumstances" are not needed to justify a sentence outside the guidelines range and [the court of appeal] must

Defendant Raul Jimenez Verduzco's Sentencing
Memorandum and Motion For a Variance
from the Sentencing Guideline Range

give due deference to the district court's decision that the sentencing factors warrant a particular variance." *United States v. Ruff*, 535 F.3d 999, 1002 (9th Cir. 2008).

Adequate consideration of the § 3553(a) sentencing factors helps ensure that the sentencing decision is individualized, as it must be. Indeed, "[w]hen determining a sentence, the court 'must make an individualized assessment based on the facts presented.'" *United States v. Pankow*, 884 F.3d 785, 793 (7th Cir. 2018) (quoting *Gall*, 552 U.S. at 50)); see *United States v. Wachowiak*, 496 F.3d 744, 748 (7th Cir. 2007) (internal citations omitted) ("the § 3553(a) factors are broad, vague, and open-ended … and review for reasonableness is deferential … so the sentencing judge has considerable discretion to individualize the sentence to the offense and offender as long as the judge's reasoning is consistent with § 3553(a).").

The Supreme Court has emphasized that the punishment imposed "should fit the offender and not merely the crime." *Pepper*, 131 S.Ct. at 1240 (citations omitted) (emphasis added). See also Gall, 522 U.S. at 52, quoting *Koon v. United States*, 518 U.S. 14. 81, 113 (1996).

The "sufficient but not greater than necessary" standard—also known as the "parsimony" clause—is the "overarching provision" of § 3553(a). *Kimbrough*, 552 U.S. at 101. By its terms that provision instructs the Court to consider a sentence that is the least severe, i.e., not greater, than necessary. See *United States v. Santoya*, 493 F. Supp. 2d 1075, 1077 (E.D. Wis. 2007) ("This is the so-called 'parsimony provision,' which requires district courts to impose the minimum punishment needed to satisfy the purposes of sentencing—just punishment, deterrence, protection of the public and rehabilitation of the defendant.").

On appeal, a variance from the guidelines range is reviewed for reasonableness. *Booker*, 543 U.S. at 261.  The district court's findings are reviewed for clear error. *United States v. Kimbrew*, 406 F.3d 1149, 1151 (9th Cir. 2005).

Defendant Raul Jimenez Verduzco's Sentencing
Memorandum and Motion For a Variance
from the Sentencing Guideline Range

6

# III. ARGUMENT

The issue before the Court is to impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in Section 3553(a)(2). It is respectfully submitted that a sentence of 60 months is just and proper and fulfills the statutory purposes. This is not a light sentence for an individual with no criminal history who was motivated by poverty and fear of reprisals from criminal organizations for a debt owed by his father.

### A. Characteristics of the Defendant (3553(a)(1)

### 1. Mr. Jimenez Verduzco's Childhood and Upbringing

Mr. Jimenez Verduzco grew up in Zicuiran, Michoacan, Mexico and had a chaotic and dysfunctional family background occasioned by an absent father and living in a drug-cartel controlled community. As a youngster, Mr. Jimenez Verduzco witnessed first hand the violence, extortions, kidnaping and killings that occurred in his hometown. The Probation Officer has accurately described the traumatic events he suffered in his childhood. (PSR Paragraphs 37-44; Sentencing Recommendation.

Attached as *Exhibit A* Mr. Jimenez Verduzco's initial statement when he filled out U.S. Probation Form 1A. The statement describes his upbringing, the events he lived through that shaped his life, and his initial reluctance to avail himself of the Safety Valve.

### 2. Mr. Verduzco Completed High School In Mexico and Maintained Employment

Notwithstanding the horrific violence and deaths suffered by Mr. Jimenez Verduzco's immediate family, Mr. Jimenez Verduzco worked since he was a child, age 7, to help his family. He graduated from high school and was gainfully employed. A copy of his high school diploma was provided. Since graduation, until he came to the United States, Mr. Jimenez-Verduzco was gainfully (and lawfully) employed in Mexico and helped support his mother and brothers.

Defendant Raul Jimenez Verduzco's Sentencing
Memorandum and Motion For a Variance
from the Sentencing Guideline Range

7

### 3. Mr. Jimenez Verduzco Has No Prior Criminal History

Until he came to the United States, Mr. Jimenez Verduzco was in school and employed in Mexico. The present offense is his only involvement in criminal conduct.

### 4. Reasons Mr. Jimenez Verduzco's Became Involved In the Offense Conduct

Mr. Jimenez Verduzco came to the United States to escape the conditions in Zicuiran, Michoacan and to better himself and his family economically, (*Exhibit A*). As the oldest of three sons, and with his father in prison since Mr. Jimenez Verduzco was 15 years of age, it fell to Mr. Jimenez Verduzco to go to school and also work to help support his mother and brothers.

Apart from seeking escape from poverty, Mr. Jimenez Verduzco's involvement in the offense conduct was also motivated by fear of retaliation or harm his family stemming from a debt owed by Mr. Jimenez Verduzco's father. Mr. Jimenez Verduzco became involved in the offense conduct to pay off the debt as well as to support his family.

As noted by the Probation Officer, Mr. Jimenez Verduzco's educational history, his father's absence, his lack of criminal history, and the overall traumatic events he experienced throughout his upbringing, can be considered mitigating in tailoring a sentence that is just and proper and reasonable.

### B.     The Nature and Circumstances of the Offense

The circumstances of the offense are that Jimenez Verduzco was a courier and a telephone operator/dispatcher. Mr. Jimenez Verduzco was 23 years of age at the time of the offense conduct. As noted, he did not exercise supervision, leadership or management of the organization.

By qualifying for the Safety Valve reduction, Mr. Jimenez Verduzco has established that he was not an organizer, leader, manager, or supervisor of others in the offense. USSG

Defendant Raul Jimenez Verduzco's Sentencing
Memorandum and Motion For a Variance
from the Sentencing Guideline Range
8

5C1.2(a)(4). The USSG factors relating to a defendant's role in an offense, Application Note 3(C)(iv) to USSG 3B1.2 (mitigating role), are relevant to analyze Mr. Jimenez Verduzco's involvement in this case and impose of a sentence that is sufficient, but not greater than necessary, to comply with the purposes set forth in Section 3553(a)(2).

**1.     Application Note 4 to 1B1.2. Factors**

<u>The exercise of decision making authority</u>

Mr. Jimenez Verduzco was an employee who was supervised and did not exercise decision making authority.  He checked with others before taking any action.

<u>The nature of participation in the commission of the offense</u>.

Mr. Jimenez Verduzco started as a courier making deliveries and was then assigned as a telephone dispatcher of couriers.  When ordered to do so, Mr. Jimenez Verduzco occasionally acted as a courier of drugs or money. He primary role was as a telephone operator/dispatcher and courier.

<u>The recruitment of accomplices</u>

Mr. Jimenez Verduzco did not recruit or hire anyone.

<u>The claimed right to a larger share of the fruits of the crime</u>.

Mr. Jimenez Verduzco had no share in the profits of the trafficking operation.  He was paid a weekly salary.

<u>The degree of participation in planning or organizing the offense</u>

Mr. Jimenez Verduzco had no role in the planning or execution of the distribution of drugs.

<u>The nature and scope of the illegal activity.</u>

Mr. Jimenez Verduzco was a person of low rank and although his job was important, it is

Defendant Raul Jimenez Verduzco's Sentencing
Memorandum and Motion For a Variance
from the Sentencing Guideline Range
9

respectfully submitted that a variance to a sentence of 60 months is reasonable and just.

The language of Application Note 3(C)(iv) to USSG 3B1.2 (mitigating role), in the context of determining whether a person qualifies for a role reduction, is instructive.

> The fact that a defendant performs an essential or indispensable role in the criminal activity is not determinative. Such a defendant may receive an adjustment under this guideline if he or she is substantially less culpable than the average participant in the criminal activity.

As a courier and telephone operator Mr. Jimenez-Verduzco was an important cog in the criminal activity, however, his involvement was substantially less than the average participant. <u>The degree of control and authority exercised over others</u>.

Mr. Jimenez Verduzco did not exercise any control or authority over anyone. He took orders from customers, dispatched couriers, made deliveries himself or picked up money occasionally when directed to do so by others.

**B.     The Kinds of Sentences Available (3553(a)(3a)**

The Court has the discretion to sentence Mr. Jimenez Verduzco to the minimum mandatory sentence of 10 years to life imprisonment.

**C.     The Kinds of Sentence and the Sentencing Range Established for the Applicable Category of Offense Committed by the Applicable Category of Defendant as Set Forth in the Guidelines (3553(a)(4(a)**

The advisory guideline sentence is correctly calculated by the Probation Officer.

**D.     The Need to Avoid Unwarranted Sentence Disparities among Defendants with Similar Records Who Have Been Found Guilty of Similar Conduct (3553(a)(6)**

As noted by the Probation Officer, excluding a USSG 5K1.1 reduction, defendants convicted of similar drug offenses received an average sentence of imprisonment of 92 months

In the present cases, only one defendant, Edgar Portillo, has been sentenced and received a sentence of 3 year's probation. It is unclear whether USSG 5K1.1 figured in Mr. Portillo's

Defendant Raul Jimenez Verduzco's Sentencing
Memorandum and Motion For a Variance
from the Sentencing Guideline Range
10

sentence. The other defendants in the case have not yet been sentenced.

## IV. CONCLUSION

For the reasons stated, and based upon the authorities cited, it is respectfully submitted that a sentence of 60 months is sufficient, but not greater than necessary, to effectuate the statutory purposes of sentencing under Section 3553(a). Mr. Jimenez Verduzco's role as a telephone dispatcher and courier in the offense conduct and his educational and employment and family history establish mitigating factors supporting a 60 month sentence.

Dated: January 22, 2023        Respectfully submitted,

                                    s/s Lupe Martinez

                                    LUPE MARTINEZ
                                    Attorney for Raul Jimenez Verduzco

Defendant Raul Jimenez Verduzco's Sentencing
Memorandum and Motion For a Variance
from the Sentencing Guideline Range
11